OPINION
On July 8, 1998, appellee, the Tuscarawas County Department of Human Services, filed a complaint for temporary custody of Kenneth Benbow, Jr. born May 31, 1987, Lottie Vasquez-Banks born July 13, 1989 and Rebecca Vasquez-Banks born January 19, 1992, alleging the children to be neglected and dependent. Mother of the children is appellant, Pamela Holt fka Pamela Gould. Father of Kenneth is Kenneth Benbow, Sr. and father of Lottie and Rebecca is Clifton Vasquez-Banks. By judgment entry filed July 9, 1998, the trial court granted temporary custody of the children to appellee. A case plan was filed on August 13, 1998. An adjudicatory hearing was held on August 26, 1998 wherein appellant admitted the children were neglected. A dispositional hearing before a magistrate was held on September 23, 1998. By decision filed same date, the magistrate recommended that the children remain in appellee's custody while the parties made every effort to follow the case plan. The trial court approved and adopted the magistrate's decision on October 9, 1998. On June 30, 1999, appellee filed a motion to modify prior disposition to permanent custody based upon the parents' failure to comply with the case plan. Hearings were held on October 14 and 15, 1999 and November 4, 1999. By judgment entry filed December 29, 1999, the trial court awarded permanent custody of the children to appellee. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED BY CONCLUDING THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT IT WAS IN THE BEST INTEREST OF THE MINOR CHILDREN OF THE APPELLANT(S) TO BE PLACED IN THE CUSTODY OF THE TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES.
 II THE GUARDIAN AD LITEM FAILED TO MAKE AN INDEPENDENT INVESTIGATION OF HER REPORT THEREFORE WAS PREJUDICIAL TO APPELLANT.
 III THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE REQUEST FOR PERMANENT CUSTODY OF KENNETH BENBOW, JR., LOTTIE VASQUEZ-BANKS AND REBECCA VASQUEZ-BANKS TO THE DEPARTMENT OF HUMAN SERVICES.
 IV THE JUDGMENT OF THE TRIAL COURT IN GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 I, III, IV
Appellant claims the trial court's decision in granting permanent custody of the children to appellee was an abuse of discretion and against the manifest weight of the evidence. Appellant claims the evidence fails to establish the decision is in the best interests of the children and the children cannot be placed with her and her new husband, Gerald Holt, in a reasonable time. We disagree. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows: (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. (16) Any other factor the court considers relevant.
R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child. The case plans filed herein were geared toward reunification. Appellant and her husband were to obtain stable housing, obtain an adequate income, receive parent education and apply what they had learned from parent education during visits with the children. T. at 5. Both parties were also required to participate in an education program for parents of children who have been sexually abused. T. at 5-6. Appellant was to participate in drug and alcohol assessment, complete any needed drug and alcohol counseling, submit random urine screens and complete a psychological assessment. Id. Mr. Holt was to complete a sexual offender assessment at Melymbrosia and complete a psychological assessment. Id. Appellant and Mr. Holt were to participate in Kenneth's counseling and appellant was to participate in counseling with Lottie and Rebecca. Id. Beth Bertini, appellee's caseworker assigned to the family, testified appellant and Mr. Holt have obtained stable housing and have completed parent education classes. T. at 7-8. However, they have not applied what they have learned in parent education during visits with the children. T. at 8. Also, the parties have not participated in education programs for parents of children who have been sexually abused. T. at 12. Appellant completed a drug and alcohol assessment and no follow-up treatment was recommended. T. at 8. Mr. Holt did not complete the assessment at Melymbrosia nor the required psychological assessment. T. at 11. Appellant and Mr. Holt participated in Kenneth's counseling until their disruptive behavior caused the sessions to be terminated. T. at 6, 188-190. Appellant's required counseling with the two girls has not taken place. T. at 7. During the course of Ms. Bertini's involvement with the family, she became aware that Kenneth may have had some sexual contact with his sisters. T. at 13. Appellant and Mr. Holt did not believe "any of those things occurred" which caused Ms. Bertini some concern regarding their ability to protect the two girls. T. at 13-14, 23. Ms. Bertini's concern was heightened by the fact appellant had been involved in several abusive relationships in the past, including a boyfriend that had been accused of sexually molesting Kenneth. T. at 45. Ms. Bertini testified both appellant and Mr. Holt exhibited "hostility at the Agency itself." T. at 9-10, 20-21. Jneanne Burns provided parent education to appellant and Mr. Holt. T. at 59. Ms. Burns testified their attendance was good but they did not show much interest. Id. Ms. Burns observed visits between appellant, Mr. Holt and the children and opined appellant and Mr. Holt inconsistently applied what they had learned. T. at 60-61. Elizabeth McGregor, the psychological intern counseling Lottie and Rebecca, testified Lottie admitted Kenneth had inappropriately touched her and "it happened on many occasions." T. at 103, 113. Lottie has difficulty relating to people, difficulty with empathy, has social skill deficits and has problems with lying. T. at 102. Rebecca is extremely depressed and also has difficulty relating to people. T. at 104. Ms. McGregor testified appellant and Mr. Holt have made "no attempt to understand what the girls' needs are and what their concerns might be." T. at 108. Further, regarding the issue of Lottie and sexual abuse, Ms. McGregor opined she was not as honest and open as she needed to be due to appellant and Mr. Holt telling her that her statements were being brought up in court. T. at 106, 109, 110. Ms. McGregor opined it would not be in the girls' best interest to be returned to appellant "without any kind of further counseling or intervention that would change the current situation." T. at 119. Sam Craddock, the clinical psychologist counseling Kenneth, testified Kenneth had admitted to him that he had committed a sex offense against his sister. T. at 186, 197. Kenneth is angry and has "problems dealing with interpersonal issues." T. at 187. Both appellant and Mr. Holt do not believe that Kenneth sexually molested Lottie. T. at 190-191. Counseling sessions with appellant, Mr. Holt and Kenneth were terminated after appellant and Mr. Holt exhibited hostility and behavior "threatening to Kenny." T. at 188-189. Mr. Craddock opined appellant "would have to make a lot of changes in her ability to deal with Kenny" before Kenneth could be returned to her. T. at 202. In her report filed October 14, 1999, the guardian ad litem noted "Kenny has expressly stated to the undersigned that if he cannot return home in the near future he would like to be considered for adoption and be placed in a foster home family setting as soon as possible." Appellant testified she was now undergoing a psychological assessment. T. at 159. Appellant made the appointment for the assessment one month prior to the hearing. 163, 166. By failing to complete the case plan in a reasonable time and in particular, failing to complete the required psychological assessments, failing to apply what they have learned in parent education during visits with the children, failing to participate in education programs for parents of children who have been sexually abused, failing to acknowledge Kenneth's behavior and failing to successfully participate in counseling with the children, both appellant and Mr. Holt have demonstrated that it is not in the children's best interests to be in their custody. We find there was clear and convincing evidence to support the trial court's decision to grant permanent custody of the children to appellee. We find no abuse of discretion by the trial court. Assignments of Error I, III and IV are denied.
 II
Appellant claims the guardian ad litem failed to make an independent investigation and therefore her report was prejudicial to appellant. We disagree. Appellant argues the guardian ad litem's report filed October 14, 1999 establishes she had contact with the children on only one occasion. Appellant does not advance any further argument as to how this was prejudicial. In her report, the guardian ad litem states she "met with the mother and her husband, Gerald Holt on several occasions as well as the children and has consulted with the caseworkers and reviewed the records of the DHS; service provider reports and caregiver reports." Nowhere in the report is it mentioned that she met with the children on only one occasion. Assuming arguendo that she did, the guardian ad litem also reviewed "service provider reports and caregiver reports." She was present at the hearings and in fact questioned several witnesses. There is no evidence to suggest she was less than thorough. Furthermore, we note appellant never objected to the report. Upon review, we find no merit in this assignment of error. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
 _________________ FARMER, J.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.